**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NAIQING LIN, a/k/a Nai Quing Lin,

    Defendant - Appellant.

No. 25-6066
(D.C. No. 5:23-CR-00278-HE-13)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

## I.    INTRODUCTION

A jury found the defendant-appellant, Naiqing Lin, guilty of conspiring to

distribute a controlled substance. *See* 21 U.S.C. §§ 841(a)(1), 846. He appeals his

conviction, raising seven issues.

Lin has waived all but the following two issues: 1) whether the district court

erred in denying his motion to sever and 2) whether the evidence is sufficient to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sustain his conviction. *See United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) (refusing to consider "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation"). The first preserved issue falls short because Lin is unable to show "actual prejudice outweighing the expense and inconvenience of separate trials." *United States v. Herrera*, 51 F.4th 1226, 1271 (10th Cir. 2022). Lin does not prevail on the second issue because the evidence adduced at trial was sufficient for a rational jury to find all elements of the conspiracy offense were proved beyond a reasonable doubt. *See United States v. Hernandez*, 509 F.3d 1290, 1295 (10th Cir. 2007) (outlining the elements of a drug trafficking conspiracy offense); *United States v. Brown*, 400 F.3d 1242, 1247 (10th Cir. 2005) (holding a conviction may be reversed on sufficiency grounds "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (quotations omitted)). Therefore, exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), the court **affirms** the judgment of the district court.

## II.    BACKGROUND

In January 2019, multiple federal agencies began investigating an organization engaged in both money laundering and drug trafficking. As a part of its operation, the organization cultivated mass quantities of marijuana in residential and commercial properties called "grow houses" before distributing it throughout the country. Agents linked Lin to the organization in at least two ways: first, the utilities to a grow house

had been set up under his name and, second, a vehicle used to transport the marijuana was registered to him.

Lin—along with two other individuals, Fei Xie and Naigang Lin ("Naigang")—was indicted in a superseding indictment in the Western District of Oklahoma. Of the eighteen total counts set out in the superseding indictment, Lin was charged with 1) conspiring to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 846; and 2) conspiring to launder money in violation of 18 U.S.C. §§ 1956(h), 1957. The record indicates Lin moved to sever his trial from that of his co-defendants.[1] The motion was denied and the matter proceeded to a jury trial. Because Naigang pleaded guilty shortly before the trial began, only Fei Xie and Lin were identified as codefendants before the jury.

During trial, the government called Naigang as one of its witnesses. Naigang identified Lin as one of his employees in the marijuana business. According to Naigang, Lin took on various responsibilities within the organization, such as watering the marijuana plants, performing maintenance work at various grow houses, and transporting processed marijuana. In at least one instance, Naigang explained, Lin assisted in repurposing a residential property into a grow house. Naigang added that Lin would receive a percentage of the organization's profit in exchange for his work.

---

[1] Although Lin did not include his motion to sever in the appellate record, certain district court orders, which are part of the record, allude to his motion to sever.

Also called as a government witness was Naigang's girlfriend, Juan Lyu. Lyu testified Lin would "go anywhere that Naigang Lin needed him to be" because Lin "worked for Naigang." App. Vol. II at 109:23-25. Lyu explained that Lin not only helped transport and package processed marijuana, but he also directly interacted with those who visited grow houses seeking to make a purchase. She recalled Naigang paying Lin $5,000 per month for Lin's role in the organization.

Ultimately, the jury found Lin guilty of conspiring to distribute a controlled substance but not guilty of conspiring to launder money. Lin's subsequent motion for a new trial  was denied. The district court sentenced Lin to thirty-seven months' imprisonment, followed by five years of supervised release. He timely appealed.

## III.    DISCUSSION

Lin presents seven claims on appeal. His first two claims raise evidentiary issues. His third claim challenges the district court's denial of his motion to sever his trial. Lin's fourth claim attacks the sufficiency of the evidence. His fifth claim asserts the district court erred in responding to two separate notes submitted by the jury. His sixth claim seeks review of the substantive reasonableness of his sentence, while his final claim disputes certain factual findings submitted in the presentence investigation report ("PSR").

### A. Waiver of Appellate Review

"It is well-settled that arguments inadequately briefed in the opening brief are waived." *United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) (quotation omitted). Lin's opening brief must contain his "contentions and the reasons for them,

with citations to the authorities and parts of the record on which [he] relies." Fed. R. App. P. 28(a)(8)(A). Furthermore, "for each issue, [Lin must present] a concise statement of the applicable standard of review." Fed. R. App. P. 28(a)(8)(B). Consistent with these requirements, the court "will not consider such issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, in the opening brief." *United States v. Clay*, 148 F.4th 1181, 1201 (10th Cir. 2025) (quotation omitted). Lin's first, second, fifth, sixth, and seventh claims fail to satisfy this standard and are thus considered waived.

Lin's first claim challenges the admission of a government trial exhibit which is a diagram depicting the timeline of relevant events, along with pictures of individuals involved (the "Seizure Timeline" exhibit). Because he did not object to the admission of the Seizure Timeline exhibit during trial, Lin's claim would be reviewed for plain error. *See United States v. Archuleta*, 737 F.3d 1287, 1296 (10th Cir. 2013). "A party seeking relief under the plain-error rubric bears the burden of showing (1) an error, (2) that is plain, . . . (3) [which] affects substantial rights." *United States v. Finnesy*, 953 F.3d 675, 684 (10th Cir. 2020) (quotation omitted). If these requirements are satisfied, this court "may exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cordery*, 656 F.3d 1103, 1105 (10th Cir. 2011). Lin identifies an erroneous standard of review and fails to address any of the four parts of the plain error standard. For example, Lin fails to present any binding precedent, instead offering only case law from the Fifth Circuit. *See Bacote v. Fed. Bureau of*

5

*Prisons*, 119 F.4th 808, 814 (10th Cir. 2024) ("As a general principle, opinions handed down in one circuit do not bind other circuit courts."); *United States v. Ruiz-Gea*, 340 F.3d 1181, 1187 (10th Cir. 2003) ("In general, for an error to be [plain], either the Supreme Court or this court must have addressed the issue.").

Lin's second claim challenges the admission of a different government trial exhibit: a diagram of relevant individuals and the relationships between them. Because Lin failed to object to the admission of this exhibit during trial, this claim would also be reviewed for plain error. *See Archuleta*, 737 F.3d at 1296. Lin again fails to identify the correct standard of review. Arguments presented in support of this claim are not sufficiently developed as Lin fails to offer a single citation to any relevant authority. *See Clay*, 148 F.4th at 1201.

For his fifth claim, Lin refers to two notes submitted by the jury during deliberation, arguing the district court's responses to those jury notes constitute error. Despite his position, Lin did not include in the appendix any jury notes or relevant portions of the trial transcript to show how the district court responded to those notes. Thus, Lin failed to submit an appellate record sufficient to consider this claim. *See* 10th Cir. R. 10.4(B) ("When the party asserting an issue fails to provide a record or appendix sufficient for considering that issue, the court may decline to consider it."); *see also* Fed. R. App. P. 28(a)(8)(A) (requiring parties to support their contentions with adequate "citations to the authorities and parts of the record").

Lin's sixth claim is directed at the substantive reasonableness of his sentence. Lin argues his sentence of thirty-seven months is an overly harsh punishment given

his relatively minor role in the conspiracy. Substantive reasonableness is reviewed for abuse of discretion "to determine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019) (quotation omitted). Lin identifies the wrong standard of review and offers only perfunctory arguments, which lack citations to relevant authorities or the record. *See Clay*, 148 F.4th at 1201.

As his seventh claim, Lin disputes the quantity of marijuana attributed to him in the PSR. Federal Rule of Criminal Procedure 32 sets out the process by which factual disputes are addressed ahead of, and during, the sentencing hearing. Lin fails to include in the appendix either the transcript from the sentencing hearing or the final version of the PSR.[2] The record is therefore inadequate to consider whether the objections were adequately presented to the district court or how, if at all, the district court addressed Lin's objection. *See* 10th Cir. R. 10.4(B); *see also* Fed. R. App. P. 28(a)(8)(A).

---

[2] Lin did not include the final version of the PSR as part of the appendix filed alongside his opening brief. Instead, he later submitted the final PSR in a separate appendix with his reply brief. The court issued an order, however, explaining the reply-brief appendix was received but not formally filed because its submission violated Tenth Circuit Rule 30.2(B). Importantly, Lin did not subsequently file a motion seeking the court's order permitting the filing of his reply-brief appendix. And the court did not otherwise issue an order sua sponte permitting the reply-brief appendix to be filed. The reply-brief appendix is therefore not a part of the appellate record and its contents will not be considered on appeal.

### B. Motion to Sever

As his third claim, Lin challenges the district court's order denying his motion to sever. The denial of a motion to sever is reviewed for an abuse of discretion. *United States v. Clark*, 717 F.3d 790, 818 (10th Cir. 2013). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Landers*, 564 F.3d 1217, 1224 (10th Cir. 2009) (quotation omitted).

Federal Rule of Criminal Procedure 14(a) permits a district court to sever the trial of multiple defendants if "a party shows actual prejudice outweighing the expense and inconvenience of separate trials." *United States v. Garcia*, 74 F.4th 1073, 1110 (10th Cir. 2023) (quotation omitted).[3] Lin asserts he was prejudiced by the "overflow of the evidence."[4] Appellant's Opening Br. at 55. Yet, he fails to

---

[3] Lin also cites, albeit in passing, to Federal Rule of Criminal Procedure 8. That rule, however, addresses the joinder of offenses and defendants, not necessarily severance of the same. *See United States v. Hill*, 786 F.3d 1254, 1272 (10th Cir. 2015) (construing "Rule 8 broadly to allow liberal joinder to enhance the efficiency of the judicial system" (quotation omitted)). Lin's cursory briefing cannot reasonably be read as asserting the charges against him and his co-defendant at trial were misjoined. In any event, upon de novo review, such a claim would fail given the conspiracy charges against both, the "broad construction [this court] affords Rule 8," and this court's "preference for liberal joinder." *See id.*

[4] At various points in his appellate briefs, Lin refers to what he calls the "overflow of evidence." Appellant's Opening Br. at 43 (alluding to "overflow of testimony"); *see also id.* at 55 (referring to "[t]he overflow of the evidence"); Appellant's Reply Br. at 14 (referring to "overflow prejudice"). His references to the phrase, however, are not supported or explained with citations to the record or relevant authority.

8

specify the source of the purported prejudice or clarify how such prejudice might outweigh the inefficiencies of separate trials. He instead raises several factual assertions regarding the scope of his involvement with the organization. Lin's mere reference to a purported prejudice is insufficient to show actual prejudice, let alone prejudice sufficient to warrant a separate trial. *See United States v. Caldwell*, 560 F.3d 1214, 1221 (10th Cir. 2009) ("Rule 14(a)'s prejudice standard requires a showing of actual prejudice, which is not satisfied merely be pointing to a negative spill-over effect from damaging evidence presented against codefendants." (quotation omitted)). Accordingly, Lin fails to establish an abuse of discretion.

## C. Sufficiency of the Evidence

Lin also claims the evidence is insufficient to sustain his conviction. The sufficiency of the evidence is reviewed de novo. *United States v. Flechs*, 98 F.4th 1235, 1242 (10th Cir. 2024). Facts in evidence are reviewed in the light most favorable to the government and the court does not engage in weighing conflicting evidence or second-guessing the facts found by the jury. *United States v. Sells*, 477 F.3d 1226, 1235 (10th Cir. 2007); *see United States v. King*, 632 F.3d 646, 650 (10th Cir. 2011) (recognizing the court owes "considerable deference to the jury's verdict" (quotation omitted)). The court may reverse "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Ramos-Arenas*, 596 F.3d 783, 786 (10th Cir. 2010) (quotation omitted).

"To prove a conspiracy in violation of 21 U.S.C. § 841(a)(1), the government must prove: (1) an agreement with another person to violate the Controlled Substance

9

Act; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged conspirators." *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013). Naigang and Lyu described Lin as an employee of Naigang's marijuana business. Lyu, in particular, testified Lin would go "anywhere that Naigang Lin needed him to be." App. Vol. II at 109:23-25. Both witnesses not only explained the scope of Lin's role within the organization—tending to the marijuana plants, performing maintenance work, repurposing property into a grow house, making deliveries, and interacting with buyers—but also confirmed Lin was paid for his involvement. From this evidence, a jury could reasonably conclude the government proved all elements of a § 841(a)(1) offense beyond a reasonable doubt. *See Renteria*, 720 F.3d at 1253.

Lin offers only vague references to purportedly contrary testimony and record facts, arguing the evidence is too vague, inconsistent, and confusing to support his conviction. Conflicting evidence, however, does not necessarily render the evidence insufficient. *United States v. Woodmore*, 127 F.4th 193, 219 (10th Cir. 2025); *see Sells*, 477 F.3d at 1235 (refusing to weigh conflicting evidence).

## IV.   CONCLUSION

The judgment of the district court is **affirmed**.

Entered for the Court

Michael R. Murphy
Circuit Judge

10